IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YAN LIN, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Case No. 19-cv-2910 |
| v. | Judge Mary M. Rowland |
| PORTFOLIO RECOVERY ASSOCIATES, LLC and BLITT AND GAINES, P.C., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This is an action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). In her single count complaint brought on behalf of a putative class, Plaintiff Yan Lin ("Lin) alleges that Defendants Blitt & Gaines, P.C. ("Blitt") and Portfolio Recovery Associates, LLC ("PRA") violated the FDCPA by misrepresenting that they were not seeking court costs in actions to collect alleged credit card debt. PRA moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) with prejudice.

For the reasons stated below, PRA's motion to dismiss [30] is granted.

1

I. **Background**

The following factual allegations are taken from the First Amended Complaint (Dkt. 32, "FAC") and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Defendants attempted to collect from Lin a delinquent consumer debt allegedly owed for a defaulted Citibank, N.A. consumer credit account. (FAC ¶ 6). PRA is a licensed collection agency and debt collector as that term is defined at 15 U.S.C. § 1692a of the FDCPA. (*Id.* ¶¶ 13-14). Blitt is also a debt collector as defined in § 1692a(6) of the FDCPA. (*Id.* ¶ 18). Lin could not pay any debts, and the alleged debt went into default. (*Id.* ¶ 21). PRA and Blitt filed a lawsuit against Lin on January 9, 2019 in the Circuit Court of Cook County, Illinois ("State Court Complaint"). (*Id.* ¶ 22).[1]

The State Court Complaint listed the "amount claimed", $1,492.81, and under that line stated "plus court costs." (*Id.* ¶ 26; Exh. D). The complaint also attached an affidavit which was a form affidavit provided pursuant to Illinois Supreme Court Rule 280.2. (*Id.* ¶¶ 27, 30). In the affidavit, under the heading, "ADDITIONAL ACCOUNT

---

[1] PRA notes the documents attached to the FAC show that PRA was the plaintiff in the lawsuit and was represented by counsel, Blitt. (Dkt. 31 n. 2). With regard to extrinsic evidence, courts normally do not consider such evidence without converting a motion to dismiss into one for summary judgment, however where a document is referenced in the complaint and central to plaintiff's claims, the Court may consider it in ruling on the motion to dismiss. *Mueller v. Apple Leisure Corp.,* 880 F.3d 890, 895 (7th Cir. 2018) ("This rule is a liberal one—especially where…the plaintiff does not contest the validity or authenticity of the extraneous materials."). In addition, the Court may "take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017).

2

INFORMATION AFTER CHARGE-OFF", PRA checked the box for "no" indicating it was not seeking additional amounts after the charge-off date. (*Id.* ¶ 32). Lin brings this action individually and on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a debt (3) filing a Complaint in the Circuit Court of Cook County (4) which includes a Rule 280.2 affidavit (5) where the box labeled "[p]laintiff is seeking additional amounts after the charge-off date" is (6) checked [No] (7) and where plaintiff in the state court action is seeking court costs (8) filed one year prior to the filing of this Complaint up to July 18, 2019. (*Id.* ¶ 48).

**II. Standard**

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be

considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

### III. Analysis

Under the FDCPA, debt collectors are prohibited from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. They also cannot engage in unfair practices when attempting to collect a debt. 15 U.S.C. § 1692f. The Court considers allegations of FDCPA violations from the perspective of an unsophisticated consumer. *See Taylor v. Cavalry Inv., LLC*, 365 F.3d 572, 574 (7th Cir. 2004).[2] "Generally, the question of whether a disputed statement is false, deceptive, or misleading is a fact-laden one and therefore a district

---

[2] "In this circuit we have had much to say about this hypothetical unsophisticated debtor. Her knowledge is not as great as that of a federal judge but is more than that of the least sophisticated consumer. She is uninformed, naive, or trusting, but at the same time possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences. And although our unwary debtor may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion. The Act protects the unsophisticated debtor, but not the irrational one." *Heredia*, 942 F.3d at 815 (internal citations and quotations omitted). *See also Preston v. Midland Credit Mgmt.*, 948 F.3d 772, 787 (7th Cir. 2020).

court may not dismiss a complaint unless the disputed statement is plainly, on its face, not misleading or deceptive." *Heredia v. Capital Mgmt. Servs., L.P.*, 942 F.3d 811, 814 (7th Cir. 2019).

Lin alleges the following violations of the FDCPA:

- Defendants misrepresented the amount and legal status of an alleged debt, in violation of 15 U.S.C. § 1692e2(a) when they sued Plaintiff for court costs which PRA had expressly waived. (FAC ¶ 54).
- PRA improperly threatened to pursue court costs from Plaintiff, in violation of 15 U.S.C. § 1692e(5), when it sought additional amounts after the charge-off date of a debt that it had indicated under oath it would not seek. (*Id.* ¶ 55).
- Defendants used false, misleading, and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e and §§1692e(10), when they sought court costs in a state court complaint while swearing under oath that no additional amounts after charge-off were being sought. (*Id.* ¶ 56).
- Defendants engaged in an unfair practice, in violation of 15 U.S.C. § 1692f when PRA communicated a state court complaint to Plaintiff that indicated both that is was, and was not, seeking additional amounts after the charge-off date of an alleged debt. (*Id.* ¶ 57).

PRA argues that Lin's complaint must be dismissed because it asks the Court to determine that language on state court form pleadings violates the FDCPA. (Dkt. 30 at 1). Lin counters that the problem "is not that PRA sought court costs, but that they explicitly denied they were seeking court costs in the affidavit while explicitly requesting them in the State Complaint." (Dkt. 33 at 10).

### A. 15 U.S.C. § 1692e

Lin alleges that Defendants violated §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10) of the FDCPA. 15 U.S.C. § 1692e(2)(a) prohibits the "false representation of the character, amount, or legal status of any debt." Section 1692e(5) provides that it is a violation of the FDCPA to "threat[en] to take any action that cannot legally be taken

or that is not intended to be taken." It is also a violation to use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." § 1692e(10).

The Seventh Circuit has held that "representations may violate § 1692e of the FDCPA even if made in court filings in litigation." *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016). Because the FDCPA applies to the State Court Complaint and attached affidavit, the question is whether Lin sufficiently alleged that those pleadings violated § 1692e. In *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800-801 (7th Cir. 2009), the Seventh Circuit explained that there are three categories of § 1692e FDCPA claims: (1) claims involving statements that "plainly, on their face, are not misleading or deceptive"; (2) claims involving statements that are not clearly misleading but "might possibly" mislead the unsophisticated consumer; and (3) claims involving statements that are plainly misleading. Dismissal is proper only in the first category. *Id.* at 800 ("we grant dismissal or summary judgment in favor of the defendant based on our own determination that the statement complied with the law.").

The Court finds that the statements in this case fall into the first category. Defendants' state court pleadings complied with the FDCPA. Lin argues that stating "plus court costs" in the complaint and then not indicating that court costs were being sought in the attached affidavit was misleading. This argument fails.

First, the Court finds that an unsophisticated consumer with reasonable intelligence, capable of making basic logical deductions and inferences (*Preston*, 948

6

F.3d at 787) would be able to understand from the State Court Complaint and affidavit that the debt collector was claiming a fixed debt amount of $1,492.81 but would also seek court costs in the case. Lin argues that the affidavit attested that PRA "was not seeking court costs." (Dkt. 33 at 2). In Section 3 of the affidavit, under the heading "Additional *Account Information* After Charge Off", in response to the form statement "Plaintiff is seeking additional amounts after the charge-off date," PRA marked the box "no." (FAC, Exh. E) (emphasis added). Lin argues that court costs should have been included under the "additional amounts" in that section of the affidavit. (*Id.* ¶ 33; Exh. E). Because PRA did not indicate here that it was seeking court costs, Lin argues PRA misled and deceived the unsophisticated consumer.

The Court does not agree that an unsophisticated consumer would not be able to distinguish the claim as described in the Complaint (including court costs) as compared to the more limited account information (not including court costs) contained in the affidavit. The Seventh Circuit has held, for example, that a consumer can understand the difference between the amount of debt, the "Balance", and the term "Now Due" in collection letters (*Olson v. Risk Mgmt. Alts., Inc.*, 366 F.3d 509, 513 (7th Cir. 2004)) and can understand the term "current balance" without being misled that the "balance" might increase. *Koehn v. Delta Outsource Grp., Inc.*, 939 F.3d 863, 865 (7th Cir. 2019) ("[d]unning letters can comply with the Fair Debt Collection Practices Act without answering all possible questions about the future.").[3]

---

[3] *Cf. Marquez,* 836 F.3d 808 (language in state complaint misinformed the debtor that after 30 days "he could no longer challenge the correctness or the validity of the debt"); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013) (filing a time-barred debt collection lawsuit implied that the debt collector has legal recourse to collect the debt when

Here the State Court Complaint was clear about the amount of debt Lin allegedly owed and clear that Defendants were invoking their right to seek court costs (and Lin does not dispute their right to do so). These are understandable concepts to an unsophisticated consumer. The form affidavit identifying the amount due *limited to the account* and not identifying again that court costs were a possibility did not detract from the ability of an unsophisticated consumer to understand what was at stake.

Second, Lin's argument that Defendants should have modified the Illinois form by stating that they were seeking court costs on the section of the affidavit addressing only the account information is not convincing. (Dkt. 33 at 10; FAC ¶ 41 ("Defendants could have easily avoided violating the FDCPA by selecting 'YES' when indicating whether or not PRA would be seeking additional amounts after charge-off").[4] Lin does not cite any authority that Section 3 of the Illinois Rule 280.2 Affidavit was intended to cover court costs. Further, if Defendants had marked "yes" as Lin argues they

---

it does not); *Eul v. Transworld Sys.*, 2017 U.S. Dist. LEXIS 47505, at *48 (N.D. Ill. Mar. 30, 2017) (plaintiffs "expressly allege[d] that the affidavits were not in fact authorized [by the creditor] as represented in the affidavit.").

[4] To support her argument that Defendants could have modified the forms, Lin points out that Defendants modified the complaint by adding "This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose." (Dkt. 33 at 10). But Lin concedes the express purpose of doing this was to comply with the FDCPA. (*Id.*). In terms of the affidavit, Illinois law requires a debt collector to attach the Rule 280.2 affidavit to its complaint. *See* Illinois Supreme Court Rule 280. Lin argues that the rule does not require the debt collector to strictly adhere to the form (*see id*. ("utilizing, or substantially adopting the appearance and content of, the form provided…") (Dkt. 33 at 8). But as discussed, Lin's suggestions for how Defendants should have modified the affidavit form could have given rise to an FDCPA violation.

8

should have, they would have then been prompted to fill in specified amounts sought.[5] None of the listed categories addressed court costs, nor could Defendants identify any court cost amount as costs could only be recovered if plaintiff in the state case prevailed. *See* 735 ILCS 5/5-108.

Lin also suggests that Defendants could have "simply added [to the affidavit]: 'Plaintiff is also seeking court costs.'" (Dkt. 33 at 9). In addition to the fact that this would have been redundant of what was already in the Complaint, including this sentence could have been misleading, by conflating information about the claimed debt with court costs, which could have given rise to an FDCPA violation. *See Veach v. Sheeks*, 316 F.3d 690, 691-92 (7th Cir. 2003) (holding that court costs and attorney's fees are not a component of a "debt" under the FDCPA and since plaintiff could not be held liable for treble damages, court costs, or attorney's fees until there had been a judgment by a court, those penalties should have been separated out from the debt amount); *Shula v. Lawent*, 359 F.3d 489 (7th Cir. 2004) (holding that it was false and misleading under the FDCPA to demand an amount in court costs that had not been awarded by the court).[6]

---

[5] A state court plaintiff marking "Yes" then is prompted to identify specified amounts for:
"Total amount of interest accrued: $_____;
Total amount of non-interest charges or fee accrued $_____;
Plaintiff is seeking attorney's fees in the amount of $_____." (Dkt. 32-1, Exh. E).

[6] As Lin acknowledges (Dkt. 33 at 14), she does not allege that Defendants violated any Illinois rule. Even so, such a violation alone without a false statement or misrepresentation would not give rise to an FDCPA cause of action. *Skibbe v. U.S. Bank Tr., N.A.*, 309 F. Supp. 3d 569 (N.D. Ill. 2018).

Finally, Lin argues that "the fact the Illinois Supreme Court felt the need to amend the Model Affidavit is strong evidence that the affidavit was confusing." (Dkt. 33 at 9-10). The Model Affidavit was modified to explicitly provide that court costs sought in the complaint will not be reflected in the affidavit. (*see* Dkt. 31-1, Exh. A). However this modification actually supports the notion that PRA properly completed the affidavit, pre-revision, by excluding any reference to its intent to seek court costs.

Lin's argument about the Illinois Supreme Court's amendment further supports PRA's contention that Lin's dispute is really with the state court forms. The Cook County form complaint on the "Amount Claimed" line instructed Defendants to "print amount plus court costs." (Dkt. 31-2, Exh. B). Thus Defendants' State Court Complaint identified the specific "amount claimed" and advised that PRA would also seek "court costs", as provided in the form complaint and as allowed under Illinois law (735 ILCS 5/5-108).[7] And the Illinois Supreme Court affidavit form did not prompt Defendants to identify court costs as part of the account information. (Dkt. 32-1, Exh. E). The Court finds that Lin cannot state a cause of action based on PRA's use of state court forms in a manner that did not misrepresent information or deceive the unsophisticated consumer in this case. *See Lauber v. Lawrence & Morris,* 2017 U.S. Dist. LEXIS 153579 (N.D. Ill. Sep. 20, 2017) (caption on citation to discover assets, sanctioned by the Illinois statute governing citations and substantially similar

---

[7] Indeed the language of the Illinois statute regarding costs is mandatory: "If any person sues in any court of this state in any action for damages personal to the plaintiff, and recovers in such action, then judgment *shall* be entered in favor of the plaintiff to recover costs against the defendant, to be taxed, and the same shall be recovered and enforced as other judgments for the payment of money, except in the cases hereinafter provided." 735 ILCS 5/5-108 (emphasis added).

10

to the captions recommended for use by other Illinois county courts, was not materially misleading and thus did not violate § 1692e).

For all of these reasons, the Court finds that a "significant fraction" of the population would not be misled by the state court filing at issue in this case. *See Koehn*, 939 F.3d at 864. Lin's § 1692e claims are dismissed with prejudice.

### B. 15 U.S.C. § 1692f

Under 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." "[T]o determine whether a collection or attempted collection of a debt is 'unfair or unconscionable,' a court must view the conduct through the eyes of an unsophisticated consumer." *Ramirez v. Mandarich Law Grp., LLP*, 2020 U.S. Dist. LEXIS 52536, at *10 (N.D. Ill. Mar. 25, 2020) (citing *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 765 (7th Cir. 2006)).

Lin generally alleges that Defendants "engaged in an unfair practice…when PRA communicated a state court complaint to Plaintiff that indicated both that it was, and was not, seeking additional amounts after the charge-off date of an alleged debt." (FAC ¶ 57). The factual basis for the § 1692f claim is the same as for the § 1692e claim. As discussed above, Lin has not stated a § 1692f claim because the language used by Defendants as provided in the state court form complaint and Defendants' responses in the form affidavit complied with the FDCPA. Lin's allegations do not explain why PRA's compliance with Illinois state court forms amounts to unfair or unconscionable means of collecting a debt. *See Todd v. Collecto, Inc.,* 731 F.3d 734, 739 (7th Cir. 2013) (suit may not proceed if plaintiff's allegations "do not plausibly

11

describe a debt collection practice that was unfair or unconscionable with respect to him"); *Velazquez v. Fair Collections & Outsourcing, Inc.*, 2013 U.S. Dist. LEXIS 124895, at *26 (N.D. Ill. Aug. 30, 2013) (dismissing § 1692f claim where plaintiff failed to explain what was "unfair" about defendant's challenged practice).

In *Lauber,* the court held that plaintiff's § 1692f claim could not survive because "legislative and judicial sanction have been granted to the action and language Lauber challenges as unfair or unconscionable." 2017 U.S. Dist. LEXIS 153579, at *11. So too here. Under Illinois law, a prevailing plaintiff can recover costs (735 ILCS 5/5-108) and the form complaint suggested that a plaintiff use the exact language Defendants used here, "plus court costs." Defendants then properly indicated on the form affidavit that they were not seeking any additional amounts in response to an inquiry about "Additional *Account Information* After Charge Off" (emphasis added). These state court pleadings, which complied with forms provided and sanctioned by the Illinois courts, cannot be described "deceptive and misleading." (Dkt. 33 at 6).

Therefore Lin's § 1692f claim is dismissed.

### C. Lin's request to amend is denied

Lin's request to amend her complaint (Dkt. 33 at 15) is denied. The Court already granted Lin leave to amend (Dkt. 29) once before. For the reasons discussed, the Court concludes that the crux of Lin's complaint is with Illinois state pleading forms and form language, not with any actionable misconduct under the FDCPA by Defendants. Thus, any further amendment would be futile. *See Villars v.*

12

*Kubiatowski*, 128 F. Supp. 3d 1039, 1043 (N.D. Ill. 2015) (denial of an amendment is appropriate when amendment would be futile).

## IV. Conclusion

For the stated reasons, Defendant Portfolio Recovery Associates, LLC's Motion to Dismiss [30] is granted. Plaintiff Lin's First Amended Complaint is dismissed with prejudice. The clerk is directed to enter judgment and terminate this case.

E N T E R:

Dated: April 22, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge